[Crim. Nos. 31513, 31274. Second Dist., Div. One. Dec. 23, 1977.]

In re LARRY STEVEN WOLFENBARGER on Habeas Corpus.

[Crim. No. 31270. Second Dist., Div. One. Dec. 23, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
LARRY STEVEN WOLFENBARGER, Defendant and Appellant.

**COUNSEL**

Richard E. Erwin, Public Defender, Kenneth Cleaver, Assistant Public Defender, and H. Bruce Kinnison, Deputy Public Defender, for Petitioner and for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Robert F. Katz and Stephen M. Kaufman, Deputy Attorneys General, for Respondent and for Plaintiff and Respondent.

## OPINION

THOMPSON, J.—Two petitions for habeas corpus and an appeal from a judgment committing Larry Steven Wolfenbarger to state prison for a violation of probation raise the identical issue of a convicted defendant's entitlement to "back time credit" for periods spent in a "residential" private drug treatment program required as a condition of probation. We conclude: (1) Penal Code section 2900.5 requires "back time credit" for court ordered time spent in a "work furlough facility, halfway house, [or] rehabilitation facility" whether the institution is governmentally or privately operated; (2) the trial court erred in denying consideration of Wolfenbarger's motion for back time credit solely because the period related to "drug program time"; (3) ordinarily the error would require remanding the matter to the sentencing court for an evidentiary hearing to determine the nature of Wolfenbarger's commitment to the "residential" privately operated drug treatment program and to determine the effect of a stipulation to credit for back time; (4) but, because Wolfenbarger is scheduled for release from state prison before this opinion can become final, we cannot give effective relief.

Accordingly, we discharge an order to show cause on a petition for habeas corpus issued by the Supreme Court and returnable before us. Because action on that order to show cause disposes of the only issue in a related appeal filed in Division Five of this court and transferred to us, and also disposes of a second petition for habeas corpus involving the identical issue also transferred from Division Five, we dismiss the appeal and deny the second petition.

### Facts

On September 16, 1974, Wolfenbarger pled guilty, in the Ventura County Superior Court, to grand theft. On October 11, he was placed on probation conditioned in part upon his attending "the program offered at Cri-Help on a residential basis until allowed to terminated [sic] by his probation officer." The petitions for habeas corpus allege and the People's return does not deny that Wolfenbarger remained in the Cri-Help program until January 27, 1975, a total of 185 days.

On August 12, 1975, Wolfenbarger was found in violation of probation and his probation was modified to require that he spend 30 days in county jail. On March 24, 1976, in the Santa Barbara County Superior Court, Wolfenbarger pled guilty to second degree burglary. After a

90-day diagnostic study, he was placed on probation conditioned upon a year in county jail.

On December 3, 1976, Wolfenbarger's probation was revoked by the Ventura Superior Court. He was sentenced to state prison for the statutory term and, pursuant to stipulation of the prosecutor and defense counsel, was credited with 383 days in custody as a result of the crime he had committed. The trial judge stated: "The Court offers to suspend the execution of the sentence, to place the defendant on probation. [¶] Probation would be for a period of sixty months from the present date." The court included in the conditions of its offer of probation the requirement that Wolfenbarger "participate in any treatment program, residential or non-residential, designated by the Probation Officer" and that "the defendant shall attend the Impact Residential Program. . . ." Advised by the court that violation of probation would mean confinement in state prison, Wolfenbarger accepted the offer of probation. The court imposed its judgment accordingly.

On April 4, 1977, Wolfenbarger was again found in violation of probation. The suspended state prison sentence was ordered executed. Pursuant to stipulation of counsel, the previous credit for "back time" was increased to 404 days. On June 14, Wolfenbarger moved, in the Ventura Superior Court, to be granted additional "back time" credit for the 185 days spent by him "in a drug program in 'Cri-Help.' " The court ruled: "Request is denied on the grounds this Court has not given time for time spent in local drug programs and does not feel that is required under the appropriate drug statutes."

Wolfenbarger filed an appeal from the judgment imposing a state prison sentence (2d Crim. No. 31270). The only issue raised by him on appeal is the failure of the trial court to credit him with the 185 days of "Cri-Help" time. Through counsel, Wolfenbarger filed a petition for habeas corpus (2d Crim. No. 31096) raising the same issue and repeated the issue in a second petition for habeas corpus filed in pro. per. (2d Crim. No. 31274). The appeal and pro. per. petition were assigned to Division Five of this court. The petition for habeas corpus filed by counsel (2d Crim. No. 31096) was assigned to Division Four. Division Four denied the latter petition for failure to set forth facts supporting relief. Wolfenbarger refiled the same petition in the Supreme Court (Crim. No. 20201). Although the petition states that Wolfenbarger is due to be released from prison on January 25, 1978, the high court ordered the Director of Corrections to show cause before this division (2d Crim.

No. 31513) why the relief prayed in the petition should not be granted, with the People's return due October 31, 1977. Having been so honored, we also accepted a transfer of the appeal and pro. per. petition from Division Five. We consolidated the three matters on our first available calendar after October 31.

### Back Time Credit

As amended in 1976, Penal Code section 2900.5 states in pertinent part: "In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, including but not limited to any time spent in a jail, camp, work furlough facility, halfway house, rehabilitation facility, hospital, prison, or similar institution, all days of custody of the defendant, including days served as a condition of probation in compliance with a court order, shall be credited upon his sentence . . . ."

The 1976 amendments to Penal Code section 2900.5, permitting credit against a sentence for time spent in a "work furlough facility, halfway house, rehabilitation facility" and the like, are applicable to sentences imposed prior to the effective date of the amendment where the judgment is not final. (*People* v. *Hunter* (1977) 68 Cal.App.3d 389 [137 Cal.Rptr. 299].)

We thus reach the issue of whether Wolfenbarger's participation in the "residential Cri-Help program" qualifies as "time spent in a . . . work furlough facility, halfway house, [or] rehabilitation facility . . . as a condition of probation in compliance with a court order . . ." as that terminology is used in section 2900.5.

We note at the outset that the latter requirement of section 2900.5 is satisfied. Wolfenbarger's participation in the "Cri-Help" program was required as a condition of probation by court order.

There remains the issue of whether the program qualifies as a "work furlough" or "rehabilitation" facility, or as a "halfway house." The private, as opposed to public, management of the facility is irrelevant to the determination of that issue. "The crucial element of [section 2900.5] is not where or under what conditions the defendant has been deprived of his liberty but rather whether the custody to which he has been subjected 'is attributable to charges arising from the same criminal act or acts for which the defendant has been convicted.' [Citation.] In recogni-

tion of this element the courts have placed the emphasis on the *fact* of the defendant's custody prior to the commencement of his sentence regardless of the particular locale, institution, facility or environment of his incarceration." (*In re Watson* (1977) 19 Cal.3d 646, 651-652 [139 Cal.Rptr. 609, 566 P.2d 243].)

Wolfenbarger's right to credit for the 185 days spent in "Cri-Help" thus turns on characterization of the "Cri-Help" residential program. If that program is custodial in the sense of a work furlough or rehabilitation facility or a halfway house, Wolfenbarger is entitled to credit for time spent in the program subject only to the effect of his stipulation to credit for back time as a possible waiver of the credit. The record is silent on the nature of the "Cri-Help" residential program. It is equally silent on whether the stipulation was a reasoned attempt by Wolfenbarger to maximize back time credit, taking advantage of credit that was of questionable validity. The silence results from the trial court's summary rejection of the possibility that time spent in a local drug program could result in credit for presentence incarceration.

■ In normal course, the trial court's action would result in our issuing a writ of habeas corpus or reversing the judgment on Wolfenbarger's appeal so that the matter could be remanded to the trial court for an evidentiary hearing to determine: (1) if the "Cri-Help" residential program is custodial in nature in a fashion which is substantially equivalent to a work furlough, rehabilitation, or halfway house setting; and (2) the circumstances of the stipulation that Wolfenbarger be credited with 404 days. Here, however, for us to follow the normal course will result in an idle act. As his petition for habeas corpus indicates, Wolfenbarger will be released from his state prison sentence on January 25, 1978. Our opinion will not be final until after that date.

### Disposition

Because we cannot give effective relief, we discharge the order to show cause in 2d Crim. No. 31513 and deny the petition for habeas corpus in that matter. For the same reason, the appeal (2d Crim. No. 31270) is dismissed, and the pro. per. petition for habeas corpus (2d Crim. No. 31274) is denied.

Lillie, Acting P. J., and Hanson, J., concurred.