[Crim. No. 23764. First Dist., Div. Four. Jan. 21, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANKLIN MOBLEY, Defendant and Appellant.

COUNSEL

Richard Lieberman, under appointment by the Court of Appeal, and Berman & Glenn for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Robert R. Granucci and Blair W. Hoffman, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**[*]—Franklin Mobley appeals from a judgment of conviction for second degree burglary (Pen. Code, §§ 459, 460), pursuant to which he was ordered committed to the Department of Corrections for confinement in the California Rehabilitation Center (CRC). (Welf. & Inst. Code, § 3051.)[1]

I

The burglary occurred on April 19, 1981. When appellant appeared before the municipal court on May 1, the court released him on his own recognizance (OR) on the condition that he reside in a facility called "Discovery House" pending adjudication of the action.[2] At appellant's preliminary hearing the superior court continued the conditional OR release. When the court found appellant guilty on September 21, the court again continued the conditional OR release pending sentencing. Appellant apparently left Discovery House two days later. He was apprehended in Colorado and was returned to California shortly thereafter.

At appellant's sentencing hearing on November 25, the court granted him credit for 50 days he spent in county jail prior to sentencing, plus 25 days' good time/work time credit. Defense counsel requested that the court also grant him credit for the time that he resided in Discovery House. The court denied the request because appellant had lived in Discovery House as a condition of his OR release rather than as a condition of probation.

■ Respondent concedes that appellant was entitled to credit for the actual time he spent in Discovery House. (Pen. Code, § 2900.5, subd. (a) [credit for presentence time spent in "jail, camp, work furlough facility, halfway house, rehabilitation facility, hospital, prison, juvenile detention facility, or similar

---

[*]Before Rattigan, Acting P. J., Christian, J., and Poché, J.

[1]Counsel for appellant initially submitted a brief requesting us to review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071]. We identified two arguable issues and ordered further briefing by both parties.

[2]The condition was permissible because release of appellant, an apparent substance abuser, to a treatment program was reasonably related to future court appearances by him. (See *McIntosh v. Municipal Court* (1981) 124 Cal.App.3d 1083, 1086 [177 Cal.Rptr. 683].)

residential institution"]; *People* v. *Sylvestry* (1980) 112 Cal.App.3d Supp. 1, 5-9 [169 Cal.Rptr. 575] [defendant entitled to credit for custodial time spent in rehabilitation facility as condition of OR release].) The right to credit is based not on the procedure by which a defendant is placed in such a facility, but on the requirements that the placement be "custodial" (*People* v. *Rodgers* (1978) 79 Cal.App.3d 26, 30-33 [144 Cal.Rptr. 602] ["custody" connotes restraints not shared by public generally]; *In re Wolfenbarger* (1977) 76 Cal.App.3d 201, 205-206 [142 Cal.Rptr. 745]), and that such custody be "attributable to proceedings related to the same conduct for which the defendant has been convicted." (Pen. Code, § 2900.5, subd. (b).)

■ Appellant is also entitled to receipt of good time/work time credit for the time he spent in Discovery House. (See *People* v. *Sylvestry, supra,* 112 Cal. App.3d Supp. at pp. 5-9 [affirming award of good time/work time credit without discussion of entitlement to such credit].) Good time/work time credit is not statutorily authorized for this type of confinement. (See Pen. Code, § 2931 [credit for time served in "prison"]; Pen. Code, § 4019, subd. (a)(1) [credit for time served in "jail, industrial farm, or road camp"].) Entitlement to such credit is, however, required by equal protection. (*People* v. *Sage* (1980) 26 Cal.3d 498, 507-509 [165 Cal.Rptr. 280, 611 P.2d 874].) Persons committed to CRC pursuant to Welfare and Institutions Code section 3051 cannot be confined for a period (excluding any time spent on out-patient status) longer than the time they would have spent in prison had sentence been executed, including application of good time/work time credit. (Welf. & Inst. Code, § 3201, subd. (c).) If such persons are found unsuitable for rehabilitation after commitment to CRC and are sent to prison, they are entitled to good time/work time credit for the time they spent in CRC. (*In re Martin* (1981) 125 Cal. App.3d 896, 902-903 [178 Cal.Rptr. 445] [credit for time spent in CRC not required by statute but required by equal protection].) Thus if appellant does not receive good time/work time credit for presentence time spent in Discovery House as a condition of OR release, he may ultimately serve more custodial time than he would have served had he been able to post bail and thus avoid custodial restraint prior to commencing his term of commitment in CRC. (Cf. *People* v. *Austin* (1981) 30 Cal.3d 155, 166 [178 Cal.Rptr. 312, 636 P.2d 1] [no equal protection requirement of good time/work time credit for adult's presentence confinement in Youth Authority because postcommitment confinement in Youth Authority is not subject to such credit].)

Respondent seeks to justify this distinction on the basis that the time spent in Discovery House was for treatment and rehabilitation rather than for punitive purposes. The Legislature could not, however, have based the distinction on this ground, as persons committed to CRC in effect automatically receive conduct credit for time spent in treatment and rehabilitation. ( *In re Martin, supra,* 125 Cal.App.3d at pp. 902-903; see *People* v. *Sage, supra,* 26 Cal.3d at

pp. 507-508.) No other justification for the distinction has been demonstrated. Appellant is thus entitled to good time/work time credit as well as credit for actual presentence custody, for the some 145 days he spent in Discovery House.[3]

## II

■ The trial court failed to comply with the requirement that it state its reasons for imprisonment as its sentence choice. (Pen. Code, § 1170, subd. (c); Cal. Rules of Court, rule 439(d).)[4] In sentencing appellant to the middle term of two years' imprisonment for burglary, the court simply said, "I've read and considered the report and recommendation of the probation officer, and probation is denied." The court gave no other reasons for its sentence choice.

Recent decisions are somewhat at variance as to whether a trial court imposing the middle term of imprisonment must state reasons for denying probation. Some courts have said that the trial court must do so. (*People* v. *Salazar* (1980) 108 Cal.App.3d 992, 1000, and fn. 3 [167 Cal.Rptr. 38]; *People* v. *Arceo* (1979) 95 Cal.App.3d 117, 121 [157 Cal.Rptr. 10].) Another court held that the trial court is not required to state reasons why probation is denied, but need only state why it chose to sentence the defendant to prison, and may do so either "directly with explicit reasons or indirectly by stating why probation was deemed inappropriate." (*People* v. *Crouch* (1982) 131 Cal.App.3d 902, 904, and fn. 1 [182 Cal.Rptr. 701].)

The distinction is minor, if not meaningless here: All decisions agree that the court must state reasons for *some* element of its choice of imprisonment. Here the court did nothing more than refer to the probation officer's report. This did not satisfy the requirement of a statement of reasons. (*People* v. *Hernandez* (1979) 100 Cal.App.3d 637, 643 [160 Cal.Rptr. 607]; *People* v. *Arceo, supra,* 95 Cal.App.3d at p. 121; *People* v. *Turner* (1978) 87 Cal.App.3d 244, 247 [150 Cal.Rptr. 807].)

The error does not, however, require that the cause be remanded for resentencing. Appellant had a lengthy juvenile and adult criminal record, the latter of which included two prior burglary convictions and three misdemeanor convictions since 1978. As appellant thus could not be placed on probation

---

[3]The probation officer's report indicated that appellant was in Discovery House from May 1 until two days after his September 21 trial. Appellant's trial counsel represented that appellant was in Discovery House from May 1 until September 23. The statement in appellant's opening brief that appellant spent 50 days in Discovery House is clearly erroneous.

[4]The suspension of execution of sentence did not relieve the court of the obligation to state reasons for its sentence choice. The term "sentence choice" includes the selection of "any disposition of the case which does not amount to a dismissal, acquittal, or grant of a new trial." (Cal. Rules of Court, rule 405(f).)

unless his case was unusual (Pen. Code, § 1203, subd. (e)(4)), it is not reasonably probable that a different result would have occurred had the court articulated reasons for its choice of imprisonment. (*People* v. *Kellett* (1982) 134 Cal.App.3d 949, 962-963 [185 Cal.Rptr. 1]; see *People* v. *Crouch, supra,* 131 Cal.App.3d 902, 905 [defense counsel's failure to object to sentence without statement of reasons held "waiver or invited error" where defendant had lengthy juvenile and adult record].)

The Superior Court of Contra Costa County is ordered, at its earliest opportunity, to amend appellant's abstract of judgment to provide actual time credit and good time/work time credit for time spent by appellant in Discovery House, and to forward a copy of the amended abstract to the Department of Corrections for correction of appellant's commitment records. The determination of whether appellant is entitled to immediate release will be made forthwith by the Department of Corrections upon receipt of the amended abstract of judgment. In all other respects the judgment is affirmed.