[Crim. No. 13676. Third Dist. Mar. 3, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRISTOPHER REINERTSON, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts III and IV.

322

**COUNSEL**

Robert J. Graham, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Shirley A. Nelson and Clayton S. Tanaka, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SPARKS, J.**—Defendant was convicted of lewd conduct with children and was placed on probation with a condition of home detention. Thereafter his probation was revoked and his suspended state prison sentence was ordered into effect. Defendant tenders two issues in the published portion of this case: whether the home detention order was valid and whether he is entitled to credit for the time he spent in home detention while on probation. We first conclude that, under the circumstances of this case, the home detention order was valid. We next hold that defendant is not entitled to credit because the conditions of home detention were not sufficiently restrictive to constitute custody within the meaning of Penal Code section 2900.5.

Pursuant to a plea bargain defendant Christopher Reinertson pled guilty to two counts of committing lewd and lascivious acts upon children under the ages of fourteen years, in violation of Penal Code section 288, subdivision (a). Defendant was temporarily placed in a diagnostic facility of the Department of Corrections pursuant to Penal Code section 1203.03. Upon his return to court defendant was sentenced to the upper term of eight years on one count, and to a consecutive term on the other, for a total unstayed prison term of ten years. The court then suspended the execution of sentence, and placed defendant on probation for a term of four years. Defendant violated the terms of his probation, probation was revoked and the execution of the sentence to state prison was ordered. No credit was allowed by the trial court for the time defendant spent on home detention. Defendant contests the validity of the home detention order and the denial of credit. We find these contentions, as well as those raised in the unpublished portion of the opinion, to be without merit and therefore shall affirm the judgment.

### FACTS

Defendant's crimes were committed in February 1982. Defendant had been left to babysit a 10-year-old girl while her mother went on a date with defendant's father. A 13-year-old girl was to spend the night with the younger girl. During the evening defendant committed lewd and lascivious acts upon the bodies of both girls. On the basis of this incident a five-count information was filed against defendant. Pursuant to a plea bargain defendant pled guilty to one count of lewd and lascivious conduct with each of the girls (Pen. Code, § 288, subd. (a)), and the remaining counts and certain allegations affecting probation were dismissed.

Upon his return from a diagnostic evaluation pursuant to Penal Code section 1203.03, defendant was granted probation. The court determined to impose sentence but stay its execution as a reminder to defendant of the

sentence awaiting him if he failed on probation. Defendant was sentenced to the upper term of eight years on one count, and to a consecutive term on the other. Among the conditions of probation were that defendant serve an additional 40 days in the county jail, and that upon his release he be on "home detention" for 1 year. Exceptions to the home detention order were made for counseling, educational, and employment purposes.

On March 22, 1984, a petition to revoke probation was filed. The alleged violations of probation were: (1) defendant failed to report to the probation officer; (2) defendant was arrested for drunk driving (Veh. Code, § 23152, subd. (a)), and for public intoxication (Pen. Code, § 647, subd. (f)); (3) he failed to report his arrest to the probation officer; (4) he failed to make regular payments on his fine and penalty assessment; and (5) he failed to refrain from using alcoholic beverages in that he was found in an extremely intoxicated state (.31 percent blood alcohol level) and in possession of alcohol. Defendant admitted allegations 2 and 5, and the other allegations were dismissed with the stipulation they could be considered in the dispositional report. The court continued the matter for a probation report, and pending disposition directed defendant to return to home detention. On the date set for disposition the court was advised that the misdemeanor charges had not been resolved, and the court continued the matter with directions to defendant to remain on home detention.

On April 17, 1984, another petition for the revocation of probation was filed. It was alleged that on April 11, 1984, and on April 14, 1984, defendant violated the home detention order of the court. Defendant admitted one allegation, with the stipulation that the other could be discussed in the probation report. On this occasion the court determined to revoke probation and to order the execution of the sentence.

DISCUSSION

I

Defendant contends the home detention condition was invalid and that consequently his probation was improperly revoked. He first argues that the home detention order was void for vagueness. ■ We have no doubt that the void for vagueness doctrine applies to conditions of probation. (See *People* v. *Pointer* (1984) 151 Cal.App.3d 1128, 1139, fn. 10 [199 Cal.Rptr. 357]; *People* v. *Lewis* (1978) 77 Cal.App.3d 455, 464 [143 Cal.Rptr. 587, 3 A.L.R.4th 1185]; *People* v. *King* (1968) 267 Cal.App.2d 814, 824 [73 Cal.Rptr. 440].) An order must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether

the condition has been violated. (See *People* v. *Superior Court (Engert)* (1982) 31 Cal.3d 797, 801 [183 Cal.Rptr. 800, 647 P.2d 76].)

■ We find the order sufficiently precise in this case. The written order, signed by defendant, provides that, among other things, defendant must be at home at all times except while at work or traveling to and from work. Defendant was required to take the shortest route to and from work, and was not to stop for shopping, entertainment, or other purposes. Exceptions could be made by the probation officer only in writing. This order was sufficiently precise to enable defendant to determine what was required of him; he simply chose not to comply.

■ The written order of March 27, 1984, provides that defendant was on home incarceration until April 10, 1984, or further order of the court, whichever occurred first. Since defendant's violations of the order were alleged to have occurred on April 11 and April 14, he asserts that the order had expired. We disagree. April 10 was the date set for disposition of defendant's initial violation of probation. On that date the court continued the matter and expressly continued defendant on home detention.

Defendant asserts that the home detention condition of probation was invalid. We do not consider the initial order of probation and the home detention condition. Defendant accepted the conditions of his probation, including the one-year period of home detention. That condition had been fulfilled and defendant was released from home detention before these proceedings commenced. The order defendant violated was an interim order pending disposition of defendant's admitted, and blatant, violation of the terms of his probation. It is in that context that we consider this contention.

■ A trial court has broad discretion in determining the conditions of probation. A condition will not be held invalid unless it has no relationship to the crime of which the defendant is convicted, relates to conduct which is not itself criminal, and requires or forbids conduct which is not reasonably related to future criminality. (*People* v. *Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545]; *People* v. *Dominguez* (1967) 256 Cal.App.2d 623, 627 [64 Cal.Rptr. 290].) In applying this standard the rehabilitative and deterrent effect of the condition should be considered. (*People* v. *Lent, supra.*)

■ The record is replete with evidence to support the Department of Corrections' evaluation that defendant is an alcoholic abuser who lacks understanding of his behavior problems. In fact, defendant's alcohol abuse and refusal to restrict his own conduct have repeatedly resulted in criminal behavior and, according to defendant, were a factor in his felony offenses

at issue here. Although defendant was regarded as a marginal candidate for probation, he was given the opportunity to improve himself without a prison sentence or a severe jail term as a condition of probation. He violated the terms of his probation and, as is apparent from the nature of the violations, was again abusing alcohol in a major way. The trial court continued the disposition of the first series of violations pending the outcome of the misdemeanor charges against defendant. Under such circumstances it was well within the trial court's discretion to determine that if defendant were to remain free pending disposition of those violations, he should be subjected to more restrictions than might otherwise be imposed. The home detention order which defendant violated was not invalid.

## II

Defendant contends that he should have received credit against his prison term for the periods he spent on home detention. As we have partially noted, the probation order placed defendant on home detention and directed that he must remain at home at all times except while in school, at counseling or at work. He was required to take the shortest route to and from work, and was not to stop for entertainment, shopping or other purposes. Written exceptions could be made by the probation officer.

■ Penal Code section 2900.5, subdivision (a) provides that a defendant is entitled to credit when he "has been in custody, including but not limited to any time spent in a jail, camp, work furlough facility, halfway house, rehabilitation facility, hospital, prison, juvenile detention facility, or similar residential institution, . . ."

It is clear from the words of the statute and from judicial decisions that, for purposes of credit, "custody" is to be broadly defined. (See *People* v. *Mobley* (1983) 139 Cal.App.3d 320, 323 [188 Cal.Rptr. 583] [credit for period of residence in "Discovery House"]; *People* v. *Sylvestry* (1980) 112 Cal.App.3d Supp. 1, 7 [169 Cal.Rptr. 575] [credit for stay in custodial "Impact House"]; *People* v. *Rodgers* (1978) 79 Cal.App.3d 26, 31-32 [144 Cal.Rptr. 602] [credit for stay in "Delancy Street facility"]; *In re Wolfenbarger* (1977) 76 Cal.App.3d 201, 205-206 [142 Cal.Rptr. 745] [credit for stay in residential "Cri-Help" program].) Whether a particular facility will be regarded as sufficiently restrictive as to amount to custody may constitute a factual question. (*People* v. *Rodgers, supra,* 79 Cal.App.3d at p. 33.) The courts which have considered the question generally focus on such factors as the extent freedom of movement is restricted, regulations governing visitation, rules regarding personal appearance, and the rigidity of the program's daily schedule. (See Annot. (1983) 24 A.L.R.4th 789, 792.)

While no hard and fast rule can be derived from the cases, the concept of custody generally connotes a facility rather than a home. It includes some aspect of regulation of behavior. It also includes supervision in a structured life style. None of these aspects of custody applied to defendant. He was simply required to be at home when not at work, school or counseling, or excused by the probation officer. There were no restrictions on visitation, no program to follow, and there was no one required to supervise him closely. Under these circumstances we cannot conclude that the home detention condition constituted custody which would entitle defendant to credit against his prison term.

### III*

. . . . . . . . . . . . . . . . . . . . . . .

The judgment (order revoking probation) is affirmed.

Carr, Acting P. J., and Sims, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 29, 1986.

---

*See footnote, *ante,* page 320.