Filed 3/15/16  P. v. Golding CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WENDLEN MATTHEW GOLDING,<br><br>    Defendant and Appellant. | D068542<br><br><br>(Super. Ct. No. JCF34947) |

APPEAL from a judgment of the Superior Court of Imperial County, Diane B. Altamirano, Judge.  Affirmed as modified.

Devin Burstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Kristen Hernandez, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Wendlen Matthew Golding pleaded no contest to battery with serious bodily injury. (Pen. Code, § 243, subd. (d).)[1] Golding was sentenced to three years' formal probation with imposed conditions, including a restriction on the right to leave the state without the permission of the probation officer. Golding contends, and the Attorney General concedes, that the probation condition restricting travel is impermissibly vague. We modify the probation condition to the extent it is vague and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2015, the Imperial County Sheriff Department arrested Golding for fighting. A complaint charged him with battery with serious bodily injury under section 243, subdivision (d), and resisting, obstructing, or delaying a peace officer under section 148, subdivision (a)(1). Golding pleaded no contest to battery with serious bodily injury. At sentencing, the probation department recommended various conditions of Golding's probation to the trial court, including a travel restriction, which provided "[i]f legally in the United States, the defendant shall not leave the county or the state without the permission of the probation officer."

At sentencing, Golding objected to the travel restriction and requested that the court modify the probation condition to allow him to travel to the portion of Arizona within the Fort Yuma Indian Reservation. The Fort Yuma Indian Reservation is where Golding resides as a member of the Quechan Tribe. The reservation extends from California into Arizona and, as a result, Golding travels to the Arizona side of the

---

[1] All further statutory references are to the Penal Code.

reservation for health care and groceries. Golding further argued the travel restriction was unnecessary because it had no nexus to the charged offense and would not reduce or prevent future criminality. The People argued that a travel restriction is a standard probation condition in felony cases and stated concerns about controlling and contacting Golding while on probation.

The trial court modified the probation condition restricting travel to "[i]f legally in the U.S., the defendant shall not leave the state without the permission of probation." The trial court explained, "the reason I did that is because, my understanding as well, is that the reservation is in Arizona as well. So just staying on the reservation, he could be violating the terms of his probation if I don't strike the county clause." The trial court then addressed other conditions of Golding's probation and remanded him into custody.

## DISCUSSION

Golding contends, and the Attorney General concedes, that the trial court intended to modify the travel restriction to allow him to leave California to enter the Arizona portion of the Fort Yuma Indian Reservation without first seeking permission of his probation officer. Golding argues, and the Attorney General agrees, that the probation condition is impermissibly vague because it conflicts with the trial court's intention and does not inform Golding of where he is restricted from traveling.

The trial court has broad discretion in determining conditions of probation. (*People v. Olguin* (2008) 45 Cal.4th 375, 379.) However, constitutional challenges to

3

probation conditions are reviewed independently. (*People v. Forrest* (2015) 237 Cal.App.4th 1074, 1080; *In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

To withstand a constitutional challenge on the ground of vagueness, a probation condition "must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated." (*People v. Reinertson* (1986) 178 Cal.App.3d 320, 324-325.) In certain cases, an appellate court may modify a probation condition that is not sufficiently precise or narrowly drawn and affirm as modified. (*In re Sheena K.* (2007) 40 Cal.4th 875, 892; *People v. Lopez* (1998) 66 Cal.App.4th 615, 629.)

Here, we find the travel restriction is impermissibly vague because it does not give Golding notice of where he may travel. The trial court intended to give Golding unrestricted travel within the Fort Yuma Indian Reservation. The trial court showed this intention in its willingness to modify the travel restriction and its expressed concern that Golding would violate probation by staying on the reservation. The trial court did not modify the condition to meet this concern because the trial court only struck the county clause, which does not allow Golding to enter the Arizona portion of the reservation. By only modifying the county clause, the trial court did not sufficiently specify the terms of Golding's travel restriction as a condition of his probation, leaving the terms of Golding's probation impermissibly vague. Because we conclude the trial court intended to allow Golding to travel freely within the Fort Yuma Indian Reservation, but did not succeed in doing so, we modify the probation condition to meet this objective.

4

DISPOSITION

Probation condition number 22 is modified to provide as follows, "Defendant may leave the state without the probation officer's permission only as necessary to move within the confines of the Fort Yuma Indian Reservation." Judgment is affirmed as modified.

McDONALD, J.

WE CONCUR:

HALLER, Acting P. J.

AARON, J.