Filed 4/26/23  P. v. Cole CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B318976 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA107090) |
| v. | |
| ODDIS V. COLE III, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Dorothy L. Shubin, Judge.  Affirmed.

Laura R. Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Oddis Vermont Cole III (defendant) appeals from the judgment entered following termination of his probation and imposition of sentence. He contends that he was entitled to remand to determine whether custody credits are due for the substance abuse treatment program he attended as a condition of probation. Finding no merit to defendant's claim, we affirm the judgment.

## BACKGROUND

In May 2020 defendant was charged with one count of attempted second degree robbery. It was also alleged that defendant had three prior serious or violent felonies under the "Three Strikes" law, sections 667, subdivisions (b)-(j), and 1170.12, and under the five-year recidivist enhancement of section 667, subdivision (a)(1). On June 23, 2020, defendant entered into a plea agreement whereby the information was amended to add as count 2, felony possession of a dirk or dagger in violation of Penal Code section 21310,[1] to which he pled no contest. Pursuant to the agreement, the prosecution recommended formal probation with a one-year mental health program. The matter was continued, and eventually the trial court heard from a representative of the Department of Mental Health recommending treatment at its Men's Community Reintegration Program (MCRP). On November 13, 2020, the trial court suspended imposition of sentence and placed defendant on three years of formal probation, conditioned upon 365 days in the county jail with credit for time served of 365

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

days.[2]  The court ordered defendant released to a representative of the MCRP and to comply with all of the program's terms and conditions, including a minimum of six months of residential treatment, random drug testing and complying with injected medication as directed.  Among other conditions, defendant was also ordered to complete a minimum of one year of mental health treatment and remain in the program until released or discharged by the clinical team.  The remaining count and special allegations were dismissed.

On January 7, 2021, the court was notified that defendant was accepted at MCRP and would be transported from the jail to the Millennium House where he would remain in the residential substance abuse treatment program for a minimum of six months.  The Department of Mental Health and MCRP submitted regular monthly progress reports.  The court was notified that defendant had completed the six-month program and MCRP was searching for a mental health program.  On August 6, 2021, the Department of Mental Health reported that although defendant was still considered a resident of Millennium House his whereabouts were unknown.  The court was also notified that defendant had been charged in a new case.

Probation was revoked and a no bail bench warrant issued.  After defendant was taken into custody at a hearing on February 2, 2022, the court was informed by counsel that defendant's case manager at MCRP had recommended River Community, the only mental health program considered suitable

---

[2]  Defendant waived the application of additional credits he had earned, so that he would qualify for local custody, with the understanding they would be available in the future if he violated probation.

for him.  Defendant rejected River Community, and counsel advised him that the only alternative would be imposition of sentence.  Defense counsel also informed the court that he had calculated custody credits at almost 737 days.  He requested that the matter be continued for further discussion, which the trial court granted.

On February 22, 2022, defense counsel reported that defendant was inclined to accept the court's indicated sentence but he wanted a recalculation of custody credits to include the six-month residential treatment program through MCRP.  The trial court agreed that defendant was only entitled to credit from the date of his original plea on November 13, 2020, and the date of his transportation to the program on January 7, 2021.  The court would "certainly consider whatever [counsel] submit[ted] regarding residential treatment through M.C.R.P. and any legal basis to get credit for that," and granted a continuance to March 3, 2022, for that purpose.

On March 3, 2022, the trial court reiterated its prior indicated disposition to impose the high term of three years with credits calculated by defense counsel.  When asked to state the credits he had calculated and what additional information obtained concerning eligibility for credit for the time spent at Millennium House, counsel explained that he had contacted MCRP and was advised that MCRP's planned residential treatment program was unavailable to defendant due to problems with his Supplemental Security Income benefits and overcrowding caused by COVID-19.  Therefore defendant had been transferred to Millennium House for the court-ordered six-month program.  Counsel stated that MCRP advised him Millennium House was not classified as a residential treatment

4

program, but rather an "R.D.H." location, meaning defendant had full off-campus privileges from the time he entered the program. Counsel nonetheless asked that defendant be given custody credit for the six months he spent there. The request was denied.

The trial court then asked defendant: "Understanding all that do you wish to proceed with the admission of the violation at this time?" Defendant expressed confusion about not receiving credit for the program. After a discussion with defendant and an attempt to explain his credits, the court gave defendant the opportunity to confer with counsel. After recess, the court asked counsel whether he had any authority or additional information regarding the Millennium House. Counsel did not and had asked defendant if he wanted to continue the case. Defendant said he would rather resolve the case then. The court indicated its decision would be based on defense counsel's representation that the Millennium House was not a residential treatment program. Defendant still did not understand why the court received the progress reports from Millennium House and allowed him to continue in the program, but now told him that it was not in a residential program.

The following colloquy then ensued:

"The court: . . . I've provided you with the information received from [defense counsel]. I've offered a further opportunity if you want to put this over, and we can do that. But I'm not going to continue to debate the information that has already been provided by [defense counsel]. [¶] So do you wish to continue this matter so you can discuss it further with your attorney?

"The defendant: No.

"The court: Or would you like to proceed with an admission today or you can set it for hearing?

"The defendant: No, I would like to proceed. I would like to be sentenced, and I'd like to file an appeal."

Defendant admitted the violation and the trial court terminated probation, sentenced him to the upper term of three years in prison, with credit of 905 days of credit, consisting of 453 actual days plus 452 days of conduct credit, and imposed statutory fines and fees.

Defendant filed a timely notice of appeal from the judgment.

**DISCUSSION**

Defendant contends this matter should be remanded so his counsel can further develop a factual basis in favor of an award of custody credit for the time spent at Millennium House.

Section 2900.5, subdivision (a), provides that a defendant "shall be credited" for all days spent in custody, including time spent in a "rehabilitation facility . . . or similar residential institution," "including days served as a condition of probation in compliance with a court order." "The right to credit is based not on the procedure by which a defendant is placed in such a facility, but on the requirements that the placement be 'custodial' [citations], and that such custody be 'attributable to proceedings related to the same conduct for which the defendant has been convicted.' (Pen. Code, § 2900.5, subd. (b).)" (*People v. Mobley* (1983) 139 Cal.App.3d 320, 323.) " '[C]ustody' " connotes restraints not shared by public generally, and restrictive

6

residential treatment facilities may be found to be custodial.  (See *People v. Rodgers* (1978) 79 Cal.App.3d 26, 31.)

"The question of whether a particular facility should be regarded as sufficiently restrictive as to amount to custody constitutes a factual question [citation] even though certain facilities by their very nature involve some restraint on untrammeled liberty [citation]."  (*People v. Ambrose* (1992) 7 Cal.App.4th 1917, 1922.)  Factors relevant to the determination include " 'the extent freedom of movement is restricted, regulations governing visitation, rules regarding personal appearance, and the rigidity of the program's daily schedule.' " (*Id.* at p. 1921.)  For example, in a case cited by defendant, although the prosecution stipulated that the facility for which credit was sought, Delancey Street Foundation, was a " 'halfway house, rehabilitation facility . . . or similar institution' " within the meaning of section 2900.5, the sentencing court found that it did not meet the " 'in custody' " requirement.  (See *People v. Rodgers*, *supra*, 79 Cal.App.3d at p. 29.)  The appellate court disagreed, finding no question that residents were "subjected to extreme restraints not shared by the public generally, and, for that matter, some of which are not shared even by persons in jail or otherwise incarcerated," such as a one-year prohibition against any communication with anyone outside the Foundation, including spouses and children, and a six-month prohibition against leaving the facility unescorted.  (*Id.* at p. 31.)

Defendant acknowledges that defense counsel did not provide any such information.  However, he argues because section 2900.5 subdivision (d) imposes a duty upon the sentencing court to determine credits, the inadequate record did not relieve the court of its duty to make its own inquiry as to relevant

factors. We disagree that section 2900.5 subdivision (d) imposes a sua sponte duty upon the trial court to gather evidence to support defendant's claim. Rather, that provision requires the sentencing court to calculate the number of days for which a defendant is entitled to credit and apply that number to an established mathematical formula. (*People v. Jack* (1989) 213 Cal.App.3d 913, 917.) That calculation amounts to a ministerial duty. (*Ibid.*) On the other hand, it is the defendant's burden to demonstrate that he is *entitled* to custody credits. (*People v. Shabazz* (2003) 107 Cal.App.4th 1255, 1257–1258.)

Defendant contends that the failure of both the court and his counsel to provide the necessary information resulted in a silent record. Relying on *In re Wolfenbarger* (1977) 76 Cal.App.3d 201, defendant asserts that a silent record requires remand to allow him to provide the information. Defendant's reliance is misplaced. In *Wolfenbarger*, the sentencing court refused to consider the issue at all, ruling: " 'Request is denied on the grounds this Court has not given time for time spent in local drug programs and does not feel that is required under the appropriate drug statutes.' " (*Id*. at p. 204.) The appellate court remanded that case because "[t]he silence result[ed] from the trial court's summary rejection of the possibility that time spent in a local drug program could result in credit for presentence incarceration." (*Id*. at p. 206.)

There was no such summary refusal to consider the issue here. Defendant was given ample opportunity to meet his burden. On February 4, 2022, after the trial court satisfied its ministerial duty to calculate the credits due from the time of defendant's plea to his transport to the program, the court continued the hearing twice at defendant's counsel's request to obtain the necessary

8

information regarding Millennium House. On February 22, the trial court granted defense counsel's request for a continuance to March 3 to collect information regarding the residential treatment and the legal basis to award credit. On March 3, 2022, defense counsel still could not provide further information or the legal basis for the award. At defendant's expressed confusion, the trial court gave him time to confer with counsel, engaged him in a discussion on the record in an attempt to explain the issue, and gave him a choice to continue the hearing. Defendant declined and asked to proceed with the probation violation and to be sentenced that day. The court explained to defendant his hearing rights, which defendant said he understood and waived. The court then accepted his admission upon finding it to have been freely and voluntarily given. In sum, defendant's counsel acknowledged that defendant was not entitled to custody credits for his stay at Millennium House, and defendant refused any further attempt to provide additional information.

As the trial court's orders are presumed correct, it is defendant's burden, not only to present a record adequate for review, but also to affirmatively demonstrate error. (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564–565.) As defendant has failed to meet his burden to show entitlement to credit for his stay at Millennium House with an adequate record and that the trial court erred, we have no basis to remand for further proceedings.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.

_____
CHAVEZ, J.

We concur:

_____
LUI, P. J.

_____
HOFFSTADT, J.