Filed 4/12/13  P. v. Johnson CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUSTIN DAVID JOHNSON,<br><br>    Defendant and Appellant. | H037677<br>(Santa Clara County<br>Super. Ct. No. C1117932) |

Defendant Justin David Johnson pleaded no contest to vandalism (Pen. Code, § 594, subds. (a) & (b)) and resisting, delaying, or obstructing an officer (Pen. Code, § 148, subd. (a)).  The trial court suspended imposition of sentence and placed defendant on probation for three years.  Defendant contends:  (1) trial counsel rendered ineffective assistance by failing to object to the reasonableness of the medication probation condition, and (2) the trial court violated his due process rights by imposing a probation condition that was unconstitutionally vague and overbroad.  We agree that the probation condition is unconstitutionally overbroad and limit its application to medication prescribed for treatment of any diagnosed mental disorder.  As modified, the order is affirmed.

## I. Statement of Facts

The facts of the underlying offenses are not included in either the reporter's transcripts or the probation report. However, comments made at the sentencing hearing indicate that defendant vandalized a police vehicle during "an Occupy protest." According to the trial court, "[h]e began yelling and viciously started grinding his teeth against the hood of the patrol vehicle by whipping his face repeatedly left and right, purposely trying to damage the patrol vehicle."

## II. Discussion

Defendant contends that trial counsel rendered ineffective assistance by failing to object to the medication probation condition on the ground that it was not reasonably related to the offense.

The probation report stated in relevant part: "Based on the defendant's criminal history, depicting numerous arrests for public intoxication and violent related behavior, including his behavior in today's matter, this officer recommends full substance abuse orders including search, seizure, testing, and counseling as well as anger management counseling. Mental Health conditions are also recommended based on the Department 64 supervision recommendation." The probation report further noted that defendant was scheduled to appear in approximately two weeks in the mental health treatment court.

Based on the probation officer's recommendation, the trial court imposed a probation condition that required defendant to "take medication prescribed for any diagnosed condition as directed by the mental health doctors." Defendant did not object to this condition at the sentencing hearing.

"A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to

future criminality . . . .' [Citation.]" (*People v. Lent* (1975) 15 Cal.3d 481, 486, superseded on another ground as stated in *People v. Wheeler* (1992) 4 Cal.4th 284, 290-292.)

When a defendant has failed to object to a probation condition on reasonableness grounds, he or she has forfeited the issue on appeal. (*People v. Welch* (1993) 5 Cal.4th 228, 234-235.) "A timely objection allows the court to modify or delete an allegedly unreasonable condition or to explain why it is necessary in the particular case. The parties must, of course, be given a reasonable opportunity to present any relevant argument and evidence. A rule foreclosing appellate review of claims not timely raised in this manner helps discourage the imposition of invalid probation conditions and reduce the number of costly appeals brought on that basis." (*Id.* at p. 235.)

"To prevail on a claim of ineffective assistance of counsel, a defendant ' "must establish not only deficient performance, i.e., representation below an objective standard of reasonableness, but also resultant prejudice." ' [Citation.] A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. [Citation.] Tactical errors are generally not deemed reversible, and counsel's decisionmaking must be evaluated in the context of the available facts. [Citation.] To the extent the record on appeal fails to disclose why counsel acted or failed to act in the manner challenged, we will affirm the judgment unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation. [Citation.]" (*People v. Maury* (2003) 30 Cal.4th 342, 389.)

In the present case, the record does not establish that trial counsel lacked a reasonable tactical basis for declining to object to the medication probation condition. Given that defendant was scheduled to appear in the mental health treatment court, defendant very likely suffered from a mental illness. Trial counsel may have also reasonably concluded that defendant's conduct in "grinding his teeth against the hood of

3

the patrol vehicle by whipping his face repeatedly left and right" was related to his mental illness and his failure to take medication for this illness. Moreover, defendant may have told trial counsel that he was willing to take medication. Since there are possible satisfactory explanations for trial counsel's performance, defendant's claim fails.

Relying on *Washington v. Harper* (1990) 494 U.S. 210 (*Washington*) and *United States v. Williams* (9th Cir. 2004) 356 F.3d 1045 (*Williams*), defendant also contends that trial counsel should have objected to the medication condition on federal due process grounds. *Washington* considered the issue of whether a judicial hearing is required "before the State may treat a mentally ill prisoner with antipsychotic drugs against his will." (*Washington*, at p. 213.) *Williams* stated that "a court-backed threat of renewed incarceration should [a defendant] violate an order to take prescribed psychotropic medication does not eliminate the coercive nature of the medication requirement or otherwise lessen the impairment of the recognized liberty interest in being free of unwanted antipsychotic medication." (*Williams*, at p. 1055.) Thus, *Williams* held that this type of probation condition requires express findings based on a medically-informed record. (*Williams*, at p. 1056.) The present circumstances, however, differ from those in *Washington* and *Williams*, because defendant did not object to the condition. Based on the record before us, trial counsel may have had reasonable tactical reasons for failing to object to the imposition of the medication probation condition.

We next consider defendant's claim that the probation condition is vague and overbroad on its face. In *In re Sheena K.* (2007) 40 Cal.4th 875 (*Sheena K.*), the California Supreme Court held that a defendant's challenge to a probation condition as facially vague and overbroad in that case was not subject to the forfeiture rule set forth in *Welch.* (*Sheena K.,* at pp. 888-889.) In *Sheena K.,* the probation condition prohibited association with anyone " 'disapproved of by probation.' " (*Sheena K.,* at p. 878.) The court held that this condition was both overbroad and vague, and could be easily

4

modified to direct the defendant not to associate with anyone known to be disapproved of by the probation officer or other persons having authority over the probationer. (*Sheena K.,* at p. 892.) The court cautioned, however, that its holding "does not apply in every case in which a probation condition is challenged on a constitutional ground. As stated by the court . . . , we do not conclude that 'all constitutional defects in conditions of probation may be raised for the first time on appeal, since there may be circumstances that do not present "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court." [Citation.] In those circumstances, "[t]raditional objection and waiver principles encourage development of the record and a proper exercise of discretion in the trial court." [Citation.]' [Citation.]" (*Sheena K.,* at p. 889.) Thus, to the extent that defendant's contentions do not involve reference to the record on appeal, they have not been waived.

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.'" (*Sheena K., supra*, 40 Cal.4th at p. 890.) In examining whether a probation condition is void for vagueness, courts have considered whether the condition is "'sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated' . . . ." (*Sheena K.*, at p. 890, quoting *People v. Reinertson* (1986) 178 Cal.App.3d 320, 324-325.) Generally, words should be understood to have their ordinary and commonly understood meaning. (See Civ. Code, § 13; see also Code Civ. Proc., § 16.) The overbreadth doctrine focuses on other, though related, concerns. Under this doctrine, "'"a governmental purpose to control or prevent activities constitutionally subject to state regulation may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms."' [Citations.]" (*In re Englebrecht* (1998) 67 Cal.App.4th 486, 497.) "'A law's overbreadth represents the failure of draftsmen to focus narrowly on tangible harms sought to be avoided, with the result that in some applications the law burdens

5

activity which does not raise a sufficiently high probability of harm to governmental interests to justify the interference.' [Citation.]" (*Id.* at p. 497.)

Here, the challenged condition requires defendant to "take medication prescribed for any diagnosed condition as directed by the mental health doctors." The language of this condition is readily understandable and its ordinary meaning provides sufficient certainty to satisfy due process notice requirements. Defendant is required to take only those medications prescribed by his mental health doctors.

Defendant claims, however, that the condition is vague because it "would require him to take any kind of medication for any kind of ailment under pain of incarceration. . . . The vagueness of the condition subjects [him] to incarceration for failing to take allergy medication, pain medication, or any other type of medication which a psychiatrist might prescribe while treating him." This argument does not constitute a claim of vagueness, but rather one of overbreadth. The Attorney General does not offer, and we cannot conceive of, any valid probationary purpose under the circumstances of the present case for the probation condition insofar as it covers medications prescribed for general physical health. Accordingly, the probation condition is overbroad in that respect and must be modified.

Defendant also argues that the probation condition is vague because he "would be at risk of violating probation if he was given a prescription to take on an 'as needed' basis and chose not to take it believing it to be unnecessary, only to find that the probation officer believes it was necessary and should have been taken."

When a defendant makes a facial challenge to a probation condition, a reviewing court assumes that a probation officer will not apply it in an irrational or capricious manner. (*People v. Olguin* (2008) 45 Cal.4th 375, 383.) "What action the officer may choose to take . . . is beyond the scope of a facial attack on the notification condition itself." (*Ibid.*) Since we will not engage in speculation as to what dosage may be

6

prescribed, defendant's compliance in following the recommended dosage, or the probation officer's response, defendant's claim fails.

Defendant next argues that the challenged condition is overbroad because "there is nothing in the record to indicate that the trial court found that [he] suffers from a particular medical disorder, illness or condition requiring medication. The record contains no professional medical evidence to support such a finding. . . . Nothing in the record indicates that a medical disorder, illness or condition caused or substantially contributed to the offense, or that [he] would not have committed it had he been taking medication." Since these overbreadth arguments are actually claims that the probation condition is not reasonably related to the current offenses or future criminality, defendant forfeited the arguments by failing to raise them at the sentencing hearing. (*Sheena K.*, *supra*, 40 Cal.4th at pp. 887, 889.)

### III.  Disposition

The probation condition requiring that defendant "take medication prescribed for any diagnosed condition as directed by the mental health doctors" is hereby modified to require that defendant "take medication prescribed for treatment of any diagnosed mental disorder as directed by the mental health doctors." As modified, the order granting probation is affirmed.

_____

Mihara, J.

WE CONCUR:

_____

Elia, Acting P. J.

_____

Márquez, J.

8