Filed 2/21/14  P. v. Infante CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039530 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS122125) |
| v. | |
| MICHAEL JAMES INFANTE, | |
| Defendant and Appellant. | |

Pursuant to a negotiated agreement, defendant Michael James Infante pleaded guilty to first degree burglary (Pen. Code, § 459).  The trial court suspended imposition of sentence and placed defendant on probation for three years with various conditions.  On appeal, defendant contends:  (1) his probation condition that he stay away from the victims' place of employment and vehicles is unconstitutionally vague; and (2) the amount of his restitution fine must be modified.  We modify the stay-away condition.  As modified, the order is affirmed.

## I.  Statement of Facts

At approximately 9:00 a.m. on November 1, 2012, Salinas police responded to a residence regarding a burglary on Alameda Avenue.  An officer spoke with a contractor who had observed cuts in a fumigation tarp on the residence.  The contractor also

reported that he then noticed a man, later identified as defendant, exit the side entrance of the residence. The defendant was carrying a box and a case. When defendant began running, another witness followed him. Defendant dropped the box and the case on a nearby lawn and told the witness, "I have a gun so don't chase me." When defendant was subsequently arrested, he was in possession of property from the Alameda Avenue residence.

A husband and wife lived at the Alameda Avenue residence. They reported that the defendant lives "around the corner" from them and the value of the stolen items was $15,923.83.

## II. Discussion

### A. Stay-Away Probation Condition

Defendant contends that the probation condition that he stay away from the victims' place of employment and vehicles is unconstitutionally vague.[1] The Attorney General concedes that the condition must be modified to include a knowledge requirement.

At the sentencing hearing, the trial court stated: "Stay at least 100 yards away from the victims themselves, their residence, place of employment, any vehicles they own or operate." However, the minute order, which was later signed by the trial court, states: "Stay away at least 100 yards from the person known to you to be the victim, the victim's residence or place of employment, and any vehicle the victim owns or operates."

---

[1] Defendant also asserts that the probation condition is unconstitutionally overbroad, but does not submit any argument or citations to legal authorities on this issue. " '[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration. [Citations.]' [Citations.]" (*People v. Stanley* (1995) 10 Cal.4th 764, 793.) Thus, we will treat this issue as forfeited.

2

"'It may be said . . . as a general rule that when, as in this case, the record is in conflict it will be harmonized if possible; but where this is not possible that part of the record will prevail, which, because of its origin and nature or otherwise, is entitled to greater credence [citation].  Therefore whether the recitals in the clerk's minutes should prevail as against contrary statements in the reporter's transcript, must depend upon the circumstances of each particular case.'  [Citations.]"  (*People v. Smith* (1983) 33 Cal.3d 596, 599.)  Here, there is no indication that the trial court intended that the stay-away condition in the minute order would modify its prior oral imposition of the condition.  Moreover, the trial court correctly referred to "victims" rather than "victim" at the sentencing hearing.  The parties also assume on appeal that the condition adopted by the trial court at the sentencing hearing is controlling.  Accordingly, we will review this condition as stated in the reporter's transcript.

"In granting probation, courts have broad discretion to impose conditions to foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1. [Citations.]"  (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120-1121.)  However, probation conditions may be challenged on the grounds of unconstitutional vagueness. (*People v. Lopez* (1998) 66 Cal.App.4th 615, 630.)  Although defendant failed to object on constitutional grounds to this condition, we may consider his facial, constitutional challenge because it presents purely a question of law.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 888 (*Sheena K.*).)  Accordingly, our review of this probation condition is de novo.  (*Id.* at p. 889.)

In examining whether a probation condition is void for vagueness, courts have considered whether the condition is "'sufficiently precise for the probationer to know what is required of him [or her] . . . .'"  (*Sheena K.*, *supra*, 40 Cal.4th at p. 890, quoting *People v. Reinertson* (1986) 178 Cal.App.3d 320, 324-325.)  "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.'"  ( *Sheena K.,* at p. 890.)

In *People v. Rodriguez* (2013) 222 Cal.App.4th 578 (*Rodriguez*), this court recently considered the constitutionality of a similar stay-away condition.[2] *Rodriguez* stated: "No reasonable law enforcement officer or judge can expect probationers to know where their victims are at all times. The challenged condition does not require defendant to stay away from all locations where the victim might conceivably be. It requires defendant to remove himself ('Stay away at least 100 yards . . . .') when he knows or learns of a victim's presence." (*Id.* at p. 594.) Thus, this court held that the condition be modified to state that the "defendant not knowingly come within 100 yards of a known or identified victim." (*Id.* at p. 595.) Since the condition assumed that there was one victim, while another condition indicated that there were two victims, the case was remanded for the trial court to resolve the ambiguity. (*Ibid.*) *Rodriguez* also held that the condition did not sufficiently identify the victims, addresses or vehicles they own or operate. (*Ibid.*)

Here, unlike in *Rodriguez*, there was no ambiguity as to the identity of the victims. Thus, we need not remand the case. However, as in *Rodriguez*, the challenged condition is unconstitutionally vague and must be modified.


## B. Restitution Fine

Defendant next contends that the amount of the restitution fine must be modified, because the trial court intended to impose the minimum fine which was lower when the offense was committed.

Here, defendant signed a waiver of rights form that stated in relevant part: "I understand that I will be ordered to pay a state restitution fine of not less than $200 nor more than $10,000 . . . ." At the change of plea hearing, the trial court advised defendant

---

[2]     The stay-away condition in *Rodriguez*, *supra*, 222 Cal.App.4th 578 stated: "Stay away at least 100 yards from the victim, the victim's residence or place of employment, and any vehicle the victim owns or operates." (*Id.* at p. 584.)

that there was "a minimum restitution fine of $280 and a maximum fine of $10,000." The probation officer's report recommended a probation condition that defendant "[p]ay a restitution fine of $280.00 to the State Restitution Fund. (PC 1202.4(b))." The trial court imposed a probation condition that defendant "[p]ay a $280 restitution fine . . . ."

Former Penal Code section 1202.4, subdivision (b) provided in relevant part: "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record. [¶] (1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred forty dollars ($240) starting on January 1, 2012, two hundred eighty dollars ($280) starting on January 1, 2013, and three hundred dollars ($300) starting on January 1, 2014, and not more than ten thousand dollars ($10,000), if the person is convicted of a felony . . . ."

When defendant committed the offense on November 1, 2012, the minimum amount of the restitution fine was $240. Defendant's sentencing hearing was held on March 6, 2013, after the minimum amount of the fine increased to $280. Thus, defendant argues that the fine must be reduced to $240. There is no merit to this argument.

First, defendant forfeited his claim by failing to object at his sentencing hearing. (*People v. Gamache* (2010) 48 Cal.4th 347, 409.) Second, "[w]ithin the range authorized by statute, the court has wide discretion in determining the amount" of a restitution fine. (*People v. Urbano* (2005) 128 Cal.App.4th 396, 406.) Here, the trial court exercised its discretion and imposed a restitution fine within the statutory range. Accordingly, there was no error.

### III. Disposition

The order granting probation is modified to state: "Do not knowingly come within 100 yards from the people known to you to be the victims, the residence or places of

5

employment that are known to you to be those of the victims, and any vehicles that you know are owned or operated by the victims."  As modified, the order is affirmed.


_____
Mihara, J.


I CONCUR:




_____
Elia, Acting P. J.

Grover, J., Concurring

I concur in affirming the order granting probation, as modified in the majority opinion. I write separately regarding the restitution fund fine addressed in section II.B. of the opinion. Defendant argues that the trial court intended to impose the "minimum" restitution fine, which under Penal Code section 1202.4 would have been $240 based on the date of defendant's offense, rather than the $280 amount imposed. I agree with the majority that defendant forfeited this issue by not objecting to the amount of the fine below. I also agree that the trial court had discretion under the statute to impose a restitution fund fine of up to $10,000. However, on this record I do not share the majority's conclusion that the $280 fine imposed here reflects the exercise of that discretion. The amount appears to have been selected simply based on the minimum restitution fine in effect at the time of the sentencing hearing, rather than being the product of any deliberation. Nonetheless, in view of the forfeiture, the order as to this issue should be affirmed.

_____

Grover, J.