Filed 10/6/14  P. v. Guzman CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JULIO GUZMAN,<br><br>Defendant and Appellant. | F066848<br><br>(Super. Ct. No. MCR029519)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Madera County.  Joseph A. Soldani, Judge.

Laurie Wilmore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Jeffrey A. White, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

After defendant Julio Guzman entered a guilty plea to one count of lewd and lascivious conduct with a child under 14 years old, the trial court imposed a suspended sentence and placed him on three years' probation. Guzman was then released to federal immigration authorities and, by his account, removed to Mexico. About 14 months after Guzman was first admitted to probation, the trial court summarily revoked probation for failure to report. Subsequently, over three years after he was first admitted to probation, Guzman was arrested in Madera County. The trial court found Guzman in violation of probation, revoked probation, and executed the previously suspended sentence of six years in prison.

On appeal, Guzman contends the trial court abused its discretion in finding that he willfully violated the terms of probation within the probationary period. In the alternative, he argues the reporting condition was unconstitutionally vague to the extent he was required to report to the probation department from Mexico. He also argues that he is entitled to two additional days of custody credit for time he was in custody on immigration hold.[1]

We conclude it was an abuse of discretion to find a willful violation of probation within the probationary period and reverse the judgment.

## FACTS AND PROCEDURAL HISTORY

### Original criminal case filed in 2007

On September 4, 2007, the Madera County District Attorney filed a criminal complaint against Guzman charging him with one count of violation of Penal Code section 288, subdivision (a),[2] lewd and lascivious conduct upon a child under the age of

---

[1]    In his opening brief, Guzman also raised a claim regarding an allegedly unauthorized fine. This matter was apparently addressed by the trial court, and Guzman has withdrawn his argument.

[2]    Subsequent statutory references are to the Penal Code unless otherwise indicated.

2.

14 years. This criminal case underlies the appeal, and we will sometimes refer to it as the original case.

On January 2, 2008, the parties reached a plea agreement. Guzman agreed to enter a guilty plea to an amended charge of sexual battery in violation of section 243.4, subdivision (a), with the understanding that he would be placed on felony probation and serve "local time" of up to 365 days in county jail.

After entering his plea, Guzman had contact with the victim while on bail in violation of a protective order that ordered him not to have any contact with the victim. This resulted in his arrest and the filing of charges in Madera Superior Court case No. MCR030723 (second case).

At a hearing on February 22, 2008, the parties reached a plea agreement resolving the original case and the second case. Guzman withdrew his guilty plea in the original case, entered a new guilty plea to the original charge of violation of section 288, subdivision (a), and the second case was dismissed.[3] The parties agreed that Guzman would receive a six-year suspended sentence and he would be placed on probation for five years. During the hearing, Guzman's attorney informed the court of his understanding that the United States Immigration and Customs Enforcement (ICE) had been contacted and Guzman would be released from jail to ICE.

***Admission to probation and release to ICE in 2008***

At the sentencing hearing on May 6, 2008, the trial court imposed the median term of six years and suspended execution of the sentence. The court admitted Guzman to probation for a period of three years and ordered him confined in county jail for 82 days, his time served.

---

[3] Guzman stipulated to the factual basis recited by the prosecutor that in August 2007, when he was about 22 years old, Guzman was in a "dating-type relationship" with the victim, who was 13 years old at the time.

The probation terms required, among other things, that Guzman: report to the probation officer within one day following release from custody, report to the probation officer upon reentry into the United States, not reenter the United States illegally, obey all reasonable directives of the probation officer, and report monthly or as directed to the probation officer.

The court explained the terms of probation to Guzman: "If you are deported, you're not to reenter the United States illegally. If you do re-enter the United States legally, you're to report to the probation officer immediately upon [your] re-entry into … the United States. If you're not deported or you return to the United States, as indicated, you must report to the Probation Department immediately or within one court date from your release from custody. So if they let you out today, you have to report to probation by tomorrow. Do you understand that, Mr. Guzman?" Guzman responded, "Yes, Your Honor."

The court next informed Guzman of the terms and conditions of probation: "You're to obey all reasonable, oral and written directives of the probation officer. [¶] You're to report monthly or as directed by the probation officer. [¶] You're to obey all laws federal, state and local. [¶] You're not to be away from your reported residence for more than 24 hours without prior notification of the probation officer. [¶] You're not to leave the state without advance written consent of the probation officer." Guzman was further instructed not to change his residence address without notifying the probation officer, not to be around the victim, and to seek employment.

On May 9, 2008, Guzman was released from county jail to ICE.[4]

---

**4**    A probation officer's report filed in March 2008 noted that Guzman was a permanent resident and his residency status had been confirmed with ICE. Thus, there is no suggestion in the record that Guzman was not in the United States legally in 2008.

### *Summary revocation of probation for failure to report in 2009*

The probation department filed a petition for revocation of probation. The petition alleged that Guzman violated the following condition of probation: "'Report monthly or as directed to the P.O.'" On July 1, 2009, the trial court granted the petition and summarily revoked probation.

### *New criminal charges and finding of violation of probation in 2012*

On January 25, 2012, the Madera County District Attorney filed a criminal complaint against Guzman (third case). He was charged with engaging in sexual intercourse with a minor under 16 years of age (§ 261.5, subd. (d); count 1), engaging in intercourse with a minor more than three years younger than defendant (§ 261.5, subd. (c); count 2), giving false information to a peace officer (Veh. Code, § 31; count 3), and driving without a license (Veh. Code, § 12500, subd. (a); count 4).

In the original case, the probation department filed a petition for revocation of probation. (The petition incorrectly alleged that Guzman was admitted to probation for a period of five years; he was placed on three years' probation.) The petition alleged that Guzman violated the following conditions of probation: (1) "'Report monthly or as directed to the P.O.'"; (2) "'Obey all laws, Federal, State and Local'"; (3) "'Not re-enter the United States illegally'"; and (4) "'Report to the probation officer upon re-entry into the United States.'" On February 24, 2012, the trial court granted the petition and summarily revoked probation.

Guzman filed a demurrer "regarding revocation of probation and lack of jurisdiction to revoke probation" (capitalization omitted). He asserted that he was deported to Mexico as soon as he was released from jail in 2008. As a result, he argued, he could not report to the probation officer in person and "his failure to do so [within the original probationary period] was not willful." He further argued that the alleged probation violations that formed the basis of the 2012 revocation order occurred after the original probationary period expired and, therefore, could not be considered by the court.

On April 20, 2012, the trial court overruled the demurrer. During oral argument on the matter, Judge Joseph Soldani suggested that Guzman could have reported to the probation officer even though he was in Mexico. Judge Soldani observed: "I think that when you're in a different country you can use a telephone, you can write, you can e-mail. You can text. You can make contact. [Guzman] made no contact [with the probation department]."

On August 3, 2012, the trial court held a joint preliminary hearing on the third case and court trial on the alleged probation violation in the original case.

Guzman's attorney attempted to raise the issue whether a probation violation occurred during the probationary period. The prosecutor explained that Guzman filed a demurrer on the issue, which was overruled. The trial court, Judge Roger Wayne, stated, "I concur with my colleague's rule that while [Guzman was] a fugitive, the … probationary period [was] tolled."

Deputy Probation Officer Gabrielle Sanchez reviewed Guzman's probation file and testified on the factual basis for the summary revocation of probation filed on July 1, 2009. An incident report prepared by a different probation officer and dated June 23, 2009, indicated that Guzman failed to report to the Madera County Probation Department and his whereabouts were unknown. The incident report also noted that Guzman was released to ICE on May 9, 2008.

California Highway Patrol Officer Darren Long testified about the events leading to the charges in the third case. Long made contact with Guzman during a traffic stop on January 23, 2012. Guzman was driving and L.R. was the only passenger. Long spoke to L.R. and saw her California identification card, which showed that she was 16 years old. She told Long the driver's name was Julio Guzman.[5] L.R. said she and Guzman had a

---

[5] Guzman objected to the use of L.R.'s statements to prove the violation of probation on the basis of hearsay. The trial court stated, "[W]e're way beyond the violation of probation. I

6.

prior relationship and had a child together. She reported that she had sex with Guzman earlier that day. Long also spoke to Guzman. He initially said his name was Jesus Guzman, which is his brother's name. After identifying Guzman, Long determined that his driver's license had expired.

Madera Police Officer Mark Trukki later interviewed L.R. He learned that she gave birth in November 2010. She said the father of the child was her boyfriend, Guzman. Trukki later spoke to Guzman and asked about his relationship with L.R. Guzman told Trukki he had sex with her about five times. Guzman acknowledged paternity of L.R.'s child. Guzman also said there were rumors that the child was not his.

The trial court ordered Guzman held to answer on all charges.

On January 11, 2013, the trial court revoked probation and executed the previously imposed sentence of six years. Guzman received 503 days of custody credit.

Guzman filed a notice of appeal on March 11, 2013.

### *DISCUSSION*

Under former section 1203.2, "the court may [summarily] revoke and terminate … probation if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation officer or otherwise that the person has violated any of the conditions of his or her probation, has become abandoned to improper associates or a vicious life, or has subsequently committed other offenses, regardless whether he or she has been prosecuted for such offenses." (Former § 1203.2, subd. (a), as amended by Stats. 1989, ch. 1319, § 1.)[6]

Summary revocation of probation under section 1203.2 "'is proper if the defendant is accorded a subsequent formal hearing in conformance with due process. [Citation.]

have ruled on that. We are now on the preliminary examination whether this man should be bound over for the charges alleged."

[6] Further references to section 1203.2 are to the former version. We will omit "former" for brevity.

[¶] Therefore, after the summary revocation, the defendant is entitled to formal proceedings for probation revocation. The purpose of the formal proceedings is not to revoke probation, as the revocation has occurred as a matter of law; rather, the purpose is to give the defendant an opportunity to require the prosecution to prove the alleged violation occurred and justifies revocation. [Citation.]' [Citation.]" (*People v. Leiva* (2013) 56 Cal.4th 498, 504.)

"'As the language of section 1203.2 would suggest, the determination whether to … revoke probation is largely discretionary.' [Citation.] '[T]he facts supporting revocation of probation may be proven by a preponderance of the evidence.' [Citation.] However, the evidence must support a conclusion the probationer's conduct constituted a willful violation of the terms and conditions of probation." (*People v. Galvan* (2007) 155 Cal.App.4th 978, 981-982 (*Galvan*).)

"We review a probation revocation decision pursuant to the substantial evidence standard of review [citation], and great deference is accorded the trial court's decision, bearing in mind that '[p]robation is not a matter of right but an act of clemency, the granting and revocation of which are entirely within the sound discretion of the trial court. [Citations.]' [Citation.]" (*People v. Urke* (2011) 197 Cal.App.4th 766, 773.)

Guzman contends the trial court abused its discretion in finding that he violated probation by failing to report to the probation department in 2009. He argues that, in general, when a defendant is removed from the country involuntarily, absent evidence that the defendant is in the United States during the probationary period, it is an abuse of discretion to find a willful violation for failing to report to the probation officer. Essentially, his position is that he was unable to comply with the probation condition that he report monthly to the probation officer because he was not able to enter the United States lawfully.

Guzman's position is supported by *Galvan*, *supra*, 155 Cal.App.4th 978. In that case, the defendant was required to report to probation within 24 hours of release, but he

8.

was immediately deported upon release from custody. The defendant argued that his deportation rendered compliance with the reporting requirement impossible, and the Court of Appeal agreed. (*Id.* at pp. 983-984.) The court concluded, "The trial court's revocation of [the defendant's] probation was an abuse of discretion because his failure to comply with the reporting condition had not been willful." (*Id.* at p. 985.)

The Attorney General responds that Guzman could have reported to the probation officer "in many ways regardless of which country [Guzman] was currently in." The issue, then, is whether the reporting condition in this case required Guzman to contact the probation department while he was in Mexico. "A probation condition should be given 'the meaning that would appear to a reasonable, objective reader.' [Citation.]" (*People v. Olguin* (2008) 45 Cal.4th 375, 382.) A probation "order must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated." (*People v. Reinertson* (1986) 178 Cal.App.3d 320, 324-325.)

Here, the trial court instructed Guzman: "If you are deported, you're not to re-enter the United States illegally. If you do re-enter the United States legally, you're to report to the probation officer immediately upon [your] re-entry into … the United States. If you're not deported or you return to the United States, as indicated, you must report to the Probation Department immediately or within one court date from your release from custody. So if they let you out today, you have to report to probation by tomorrow."

A reasonable and common sense understanding of the court's order is that Guzman would be obligated to report to the probation department if (1) he is not deported or (2) he returns to the United States legally. On the other hand, if he is deported, Guzman would understand that his only obligation is not to reenter the United States illegally.

The trial court observed that while Guzman was in Mexico, he could telephone, write, email, or text. There is nothing in the record, however, to suggest the probation

department expected Guzman to report in any of those ways. For example, there is no evidence that Guzman was provided an email address or given instructions on how to telephone the department from another country. (See *Galvan*, *supra*, 155 Cal.App.4th at p. 985 & fn. 5 [concluding reasonable person in the defendant's position would understand "personal appearance before the probation officer" was required and noting there was no evidence the defendant "was informed he could comply with the reporting requirements in any way other than by showing up in person"].)[7]

Moreover, in *People v. Sanchez* (1987) 190 Cal.App.3d 224, 231, this court observed, "Obviously, a convicted illegal alien felon, upon deportation, would be unable to comply with any terms and conditions of probation beyond the serving of any period of local incarceration imposed." In *People v. Espinoza* (2003) 107 Cal.App.4th 1069, 1076, the Court of Appeal further observed, "Our courts lack jurisdiction to enforce their probation conditions or to remand the defendant into custody on foreign soil." In light of this case law, the Attorney General's position—that Guzman and his attorney would have known that he was expected to report to the probation department from another country—is not reasonable. Accordingly, we conclude the probation conditions in this case did not require Guzman to report to the probation department from Mexico. Since there was no evidence that Guzman was in the United States during the probationary

---

[7] The Attorney General attempts to distinguish *Galvan* asserting that the defendant in that case was required to "'report to the probation office.'" As described in the case, the defendant's probation conditions related to reporting were: "'Within 24 hours of your release, *you are to contact* the community assessment service center in Tarzana and the probation officer assigned to that center'" and "'*He is to report* to the probation officer upon his release from custody within 24 hours. [¶] If he does leave the country, he is not to reenter the United States illegally. If he does return, *he is to report to* the probation officer within 24 hours and present documentation which proves that he is in the United States legally.'" (*Galvan*, *supra*, 155 Cal.App.4th at pp. 980-981.) We do not find Guzman's reporting condition to be distinguishable from the conditions in *Galvan* in any meaningful way.

period, the trial court abused its discretion by finding a willful violation of probation for failure to report.

## *DISPOSITION*

The judgment is reversed.

_____
Kane, J.

WE CONCUR:


_____
Hill, P.J.


_____
Levy, J.