Filed 10/7/14  P. v. Lazaro CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN LAZARO,<br><br>    Defendant and Appellant. | H040618<br>(Santa Clara County<br> Super. Ct. No. C1362888) |

Defendant Juan Lazaro appeals from an order entered after he pleaded no contest to carrying a concealed stolen firearm on his person (Pen. Code, § 25400, subd. (a)(2)), possession of an item with the intent to commit vandalism (Pen. Code, § 594.2), and giving a false name to a peace officer (Pen. Code, § 148.9).  The trial court suspended imposition of sentence and placed defendant on probation for three years subject to various terms and conditions.  On appeal, defendant challenges two probation conditions on constitutional grounds.  We modify the order.  As modified, the order is affirmed.

## I.  Discussion[1]

The trial court imposed the following probation conditions as set forth in the probation report:  "8.  The defendant shall not possess or consume alcohol or illegal

---

[1]     The underlying facts are not part of the appellate record.  The parties stipulated that there was a factual basis for the plea based on the reports in the court's file.

controlled substances or knowingly go to places where alcohol is the primary item of sale. [¶] . . . [¶] 24. The defendant shall not use or possess any graffiti-related materials or engage in any illegal graffiti-related activity, as directed by the Probation Officer." Defendant contends that these probation conditions are unconstitutionally vague, because he could be carrying a friend's backpack without knowing that it contained alcohol or a can of spray paint. Thus, he requests that the probation conditions be modified to include a knowledge requirement.

"In granting probation, courts have broad discretion to impose conditions to foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1. [Citations.]" (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120-1121.) However, a probation condition may be challenged on the grounds that it is unconstitutionally vague. (*People v. Lopez* (1998) 66 Cal.App.4th 615, 630.) Although defendant failed to object on constitutional grounds to these conditions, we may consider his facial, constitutional challenges because they present purely questions of law. (*In re Sheena K.* (2007) 40 Cal.4th 875, 888 (*Sheena K.*) Accordingly, our review of these probation conditions is de novo. (*Id.* at p. 889.)

In examining whether a probation condition is void for vagueness, courts have considered whether the condition is " 'sufficiently precise for the probationer to know what is required of him [or her] . . . .' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 890, quoting *People v. Reinertson* (1986) 178 Cal.App.3d 320, 324-325.) "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' " (*Sheena K.,* at p. 890.)

The Attorney General concedes that these probation conditions must be modified to include a knowledge requirement. Thus, we will modify the conditions to add a scienter requirement consistent with the reasoning of *People v. Rodriguez* (2013) 222 Cal.App.4th 578, 594.)

## II. Disposition

The order granting probation is modified. Condition No. 8 shall state: "The defendant shall not knowingly possess or consume alcohol or illegal controlled substances or knowingly go to places where alcohol is the primary item of sale." Condition No. 24 shall state: "The defendant shall not knowingly use or possess any graffiti-related materials or engage in any illegal graffiti-related activity, as directed by the Probation Officer."

_____

Mihara, J.

WE CONCUR:


_____

Elia, Acting P. J.


_____

Bamattre-Manoukian, J.

4