Filed 10/23/15  P. v. Nunez CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANGELA MARIE NUNEZ,<br><br>    Defendant and Appellant. | H041402<br>(Santa Clara County<br>Super. Ct. No. C1361756) |

Defendant Angela Marie Nunez pleaded no contest to assault with a deadly weapon with force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)).[1] The trial court suspended imposition of sentence and placed defendant on probation for three years.  Defendant contends that the trial court erred when it imposed a criminal protective order.  We modify the order.  As modified, the order is affirmed.

### I.  Statement of Facts

On July 27, 2013, police officers responded to a report of a possible robbery.  The victim, a transient, stated that a few days after he and defendant had argued when he refused to go to Stockton with her, she entered his tent.  After she called him derogatory names and ordered him to return items of clothing that she had given him, the victim

---

[1]    All further statutory references are to the Penal Code unless otherwise stated.

ignored her.  However, defendant began punching him and kicking him.  A witness reported that defendant pounded the victim's leg and pulled a knife from her jacket.  As defendant walked away from the tent, she said, " 'Watch out!' "  The victim had a puncture wound on his leg and a laceration on his shoulder.

## II. Discussion

Defendant contends that since there was no evidence that she had a domestic relationship with the victim, the trial court erred when it imposed a no-contact order pursuant to former section 136.2, subdivision (i)(1).

Former section 136.2, subdivision (i)(1) stated in relevant part:  "In all cases in which a criminal defendant has been convicted of a crime of domestic violence as defined in Section 13700, the court, at the time of sentencing, shall consider issuing an order restraining the defendant from any contact with the victim.  The order may be valid for up to 10 years, as determined by the court."

Section 13700 defines " '[d]omestic violence' " as "abuse committed against an adult or a minor who is a spouse, former spouse, cohabitant, former cohabitant, or person with whom the suspect has had a child or is having or has had a dating or engagement relationship.  For purposes of this subdivision, 'cohabitant' means two unrelated adult persons living together for a substantial period of time, resulting in some permanency of relationship.  Factors that may determine whether persons are cohabiting include, but are not limited to, (1) sexual relations between the parties while sharing the same living quarters, (2) sharing of income or expenses, (3) joint use or ownership of property, (4) whether the parties hold themselves out as husband and wife, (5) the continuity of the relationship, and (6) the length of the relationship."

Here, the trial court, the prosecutor, and the probation officer repeatedly referred to the domestic violence aspects of the case.  The complaint provided notice that the prosecution intended to offer other acts of domestic violence pursuant to Evidence Code

2

section 1109. At the change of plea hearing, the prosecutor stated that the terms of the negotiated plea agreement included the "[s]tandard domestic violence terms." The trial court then asked defendant whether she had heard the prosecutor's statement of the major terms of the negotiated plea agreement, including "[a]ll the standard domestic violence terms and conditions of probation." Defendant responded, "Yes." When the trial court later asked defendant whether she understood that her sentence included a 52-week domestic violence counseling program, she replied, "Yes." The probation report included a domestic violence lethality risk assessment as well as the recommendations that defendant complete a domestic violence program and pay various domestic violence fees. The probation officer also recommended that "[a] criminal Court protective order of up to ten years be issued pursuant to Section 136.2 of the Penal Code and entered into the Department of Justice Registry pursuant to Family Code Section 6380." Defendant never objected to the references to domestic violence.

At the sentencing hearing, the trial court stated: "My understanding of the negotiated agreement is this is to be eight months county jail minus any credits with domestic violence terms." There was no objection by defendant. The trial court placed defendant on probation and ordered various conditions of probation, including that she complete a certified domestic violence program. The prosecutor also asked the trial court to impose a 10-year protective order, because it was a stabbing case and the prosecution would have settled for a greater sentence if it had been able to compel the witnesses to testify. Defense counsel stated, "I would just request a three year no-contact order." After the trial court imposed a criminal protective order for 10 years under former section 136.2, subdivision (i)(1), defendant indicated that she understood the terms of the no-contact order. The trial court also ordered defendant to attend a domestic violence orientation class on August 11, 2014 at the probation department and instructed her to return to court on September 25, 2014 with proof of her enrollment in the domestic violence classes.

3

Based on this record, there was sufficient evidence that defendant and the victim had been in a domestic relationship before she was convicted of assaulting him. Thus, the trial court did not err when it imposed the criminal protective order pursuant to former section 136.2, subdivision (i)(1).

Defendant next contends that the criminal protective order is unconstitutionally vague and overbroad.

"In granting probation, courts have broad discretion to impose conditions to foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1. [Citations.]" (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120-1121.) Although defendant failed to object on constitutional grounds to the order, we may consider her facial, constitutional challenges because they present purely questions of law. (*In re Sheena K.* (2007) 40 Cal.4th 875, 888 (*Sheena K.*).) Accordingly, our review of these probation conditions is de novo. (*Id.* at p. 889.)

In examining whether a probation condition is void for vagueness, courts have considered whether the condition is "'sufficiently precise for the probationer to know what is required of him [or her] . . . .'" (*Sheena K.*, *supra*, 40 Cal.4th at p. 890, quoting *People v. Reinertson* (1986) 178 Cal.App.3d 320, 324-325.) "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.'" (*Sheena K.*, at p. 890.)

The overbreadth doctrine focuses on other, though related, concerns. Under this doctrine, "'"a governmental purpose to control or prevent activities constitutionally subject to state regulation may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms."' [Citations.]" (*In re Englebrecht* (1998) 67 Cal.App.4th 486, 497.) "'A law's overbreadth represents the failure of draftsmen to focus narrowly on tangible harms sought to be avoided, with the result that in some applications the law burdens activity which does not raise a sufficiently high probability of harm to governmental interests to justify the interference.' [Citation.]" (*Ibid.*)

4

Defendant contends that the criminal protective order is unconstitutionally vague and overbroad, because it does not include a specific distance limitation. There is no merit to this contention because the order specifically states that defendant "must not come within 300 yards of the protected persons . . . named above."

Defendant also contends that the criminal protective order is unconstitutionally vague and overbroad, because it does not contain an explicit knowledge requirement. The Attorney General concedes that the condition should be modified to include a knowledge requirement.

In *People v. Rodriguez* (2013) 222 Cal.App.4th 578 (*Rodriguez*), this court considered the constitutionality of a stay-away condition.[2] *Rodriguez* reasoned: "It is well established that a probation violation must be willful to justify revocation of probation. [Citations.] It is also established that '. . . Penal Code section 26 provides that a person is incapable of committing a crime where an act is performed in ignorance or mistake of fact negating criminal intent; a crime cannot be committed by mere misfortune or accident' [citation] and that a probation condition 'should be given "the meaning that would appear to a reasonable, objective reader."' (*Olguin*, *supra*, 45 Cal.4th 375, 382.) [¶] No reasonable law enforcement officer or judge can expect probationers to know where their victims are at all times. The challenged condition does not require defendant to stay away from all locations where the victim might conceivably be. It requires defendant to remove himself . . . when he knows or learns of a victim's presence." (*Rodriguez*, at p. 594.) *Rodriguez* remanded the matter to the trial court, stating: "The trial court may modify the condition to require that defendant not knowingly come within 100 yards of a known or identified victim. It would be even more clear and informative if the condition actually named the victims and described any locations and vehicles that

---

[2]     In *Rodriguez*, the condition required the defendant to "[s]tay away at least 100 yards from the victim, the victim's residence or place of employment, and any vehicle the victim owns or operates." (*Rodriguez*, *supra*, 222 Cal.App.4th at p. 594.)

defendant is to stay 100 yards from." (*Id.* at p. 595.) Here, unlike in *Rodriguez*, the victim has been identified. However, given the Attorney General's concession, we will modify the condition to include a knowledge requirement.

## III.    Disposition

The order is modified to state that defendant "not knowingly come within 300 yards" of the victim. As modified, the order is affirmed.

_____
Mihara, J.

WE CONCUR:

_____
Bamattre-Manoukian, Acting P. J.

_____
Grover, J.