Filed 4/28/16  P. v. Vong CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062681 |
| v. | (Super.Ct.No. FVA1302069) |
| ANGELINA VONG, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Cara D. Hutson, Judge.  Affirmed.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found defendant and appellant Angelina Vong guilty of simple assault under Penal Code[1] section 240, and corporal injury to a cohabitant under section 273.5, subdivision (a). The trial court sentenced defendant to an aggregate term of three years, suspended execution of the sentence, and placed defendant on probation with various terms and conditions. On appeal, defendant contends that one of her probation conditions is unconstitutionally vague and overbroad. For the reasons set forth below, we shall affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

Defendant and Antonio Aquino (the victim) lived together as domestic partners in Fontana for 10 years. In November 2013 the victim confronted defendant regarding $4,000 that was missing from his checking account. In response, defendant knocked the victim's computer on the ground, breaking it. She also threw a printer at the victim. The victim pushed defendant outside their home and locked her out; she began to pound on the glass doors violently. When the victim let her back inside, defendant charged at him with a pair of shears, prompting him to struggle with her over control of the shears. During the struggle, the two fell to the floor and the victim ultimately got the shears from defendant.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

The victim stood up, while struggling to breathe due to his asthma, and walked towards a neighbor's home to call 911.  Defendant hit him with a broomstick.  Defendant's neighbor called 911 while watching defendant "poking" the victim with the broomstick.  When police arrived, the victim told the officer that defendant tried to stab him with a pair of scissors.  The victim had redness and a small cut towards the center of his back.

## DISCUSSION

Defendant contends that her probation condition prohibiting her from entering any place where alcohol is the chief item of sale is unconstitutionally vague and overbroad because it does not have a knowledge element.

Appellate courts review a trial court's imposition of probation conditions for abuse of discretion and will uphold the court's broad discretion so long as a challenged condition relates generally to criminal conduct or future criminality or specifically to the probationer's crime.  (*People v. Lent* (1975) 15 Cal.3d 481, 486; *People v. Olguin* (2008) 45 Cal.4th 375, 379-380.)  The reasonableness of a probation condition may be challenged on appeal only if the probationer has questioned it in the trial court.  (*People v. Welch* (1993) 5 Cal.4th 228, 237; see *In re Sheena K.* (2007) 40 Cal.4th 875, 880-881 (*Sheena K.*).)  However, a reviewing court may examine the constitutionality of a probation condition even if it not raised in the trial court, if the question can be resolved as a matter of law without reference to the sentencing record.  (*Sheena K.*, at pp. 888-

889.)  Whether a probation condition is unconstitutionally vague is a question of law reviewed de novo.  (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)[2]

"A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness."  (*Sheena K.*, *supra*, 40 Cal.4th at p. 890, citing *People v. Reinertson* (1986) 178 Cal.App.3d 320, 324-325.)  "In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that 'abstract legal commands must be applied in a specific *context*,' and that, although not admitting of 'mathematical certainty,' the language used must have "'*reasonable* specificity.'""  (*Sheena K.*, at p. 890.)

In this case, defendant challenges the probation condition that prohibits defendant from possessing or consuming alcoholic beverages, and "'enter[ing] any places where such beverages are the chief item of sale . . . .'"  (Italics omitted.)  Defendant claims that "[t]he foregoing condition is unconstitutionally vague and overbroad in that it does not contain an element of knowledge.  This is so because a probation condition prohibiting [defendant] from entering any places where alcohol is the chief item of sale does not give [defendant] fair warning of whether her conduct would constitute a violation of her release on mandatory supervision."  We disagree.

---

[2]  In a footnote, the People contend that because defendant "made no objection to the condition[,]" she forfeited her claim on appeal.  Forfeiture, however, generally does not result from a failure to object if the challenge is to the constitutionality of the condition and the question presented is one of law.  (*Sheena K.*, *supra*, 40 Cal.4th at pp. 888-889.)  Here, because defendant challenges the constitutionality of her probation condition, we shall address her claim on the merits.

The underpinning of the vagueness challenge is the due process of fair warning, and the rule of fair warning consists of the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders, protections embodied in the due process clauses of the federal and California Constitutions. (*People v. Castenada* (2000) 23 Cal.4th 743, 751.) In *Sheena K.*, the court required a knowledge element and determined it should be explicit. (*Sheena K.*, *supra*, 40 Cal.4th at p. 892; see *People v. Kim* (2011) 193 Cal.App.4th 836, 843 [finding "California appellate courts have found probation conditions to be unconstitutionally vague or overbroad when they do not require the probationer to have knowledge of the prohibited conduct or circumstances"].)

Here, the probation condition that defendant challenges provides adequate notice of her obligations and has reasonable specificity. First, the condition is clear and gives defendant notice that she may not enter any places where alcoholic beverages are the "chief item of sale." "Chief" is defined as "the principal or most valuable part" (<http://www.merriam-webster.com/dictionary/chief> [as of Apr. 27, 2016]), or "the principal or most important part." (Black's Law Dict. (10th 3d. 1999) p. 287, col. 1). Court have found that there is no need to explicitly require a probationer to know that something falls within a prohibited category when the category is essentially clear. (*People v. Freitas* (2009) 179 Cal.App.4th 747, 751-752 [acknowledging that it was "unnecessary to specify that defendant must know a gun is a gun"].) A reasonably intelligent person would understand the meaning of "chief item of sale" to mean places where alcohol is the most important, or principal, item of sale. There is no reason to

5

explicitly require defendant to know that a bar, saloon, or liquor store, falls into the category of prohibited establishments, just as there is no reason to expressly require a probationer know that a gun is a gun. (*Ibid.*)

Therefore, for the reasons set forth above, there is no need to modify defendant's probation condition to expressly state that she is prohibited from entering places where she knows alcohol is the chief item of sale. The condition is clear and understandable, and the law does not permit a probation violation to be based on inadvertent or unwitting conduct.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

SLOUGH
J.

6