Filed 4/28/22  P. v. Knight CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>RICHARD CHARLES KNIGHT,<br><br>      Defendant and Appellant. | A161725<br><br>(Marin County<br>Super. Ct. No. SC212302A) |

**MEMORANDUM OPINION[1]**

This case arose out of what the trial court termed "a scuffle" between defendant and a neighboring resident who thought defendant was going to break into his vehicle.  The court, sitting as the trier of fact, found the neighbor reasonably restrained defendant by grabbing his sweatshirt while calling the police.  The court further found defendant's efforts to escape from the neighbor were unreasonable, particularly when defendant drew and used a knife to slice the neighbor's arm.  The court therefore rejected defendant's claim of self-defense, finding defendant "profoundly lack[ed] credibility" and convicted him of one count of assault with a deadly weapon (Pen. Code, § 245,

---

[1]  We resolve this case by Memorandum Opinion pursuant to California Standards of Judicial Administration, section 8.1.

1

subd. (a)(1))[2] accompanied by infliction of great bodily injury (§ 12022.7, subd. (a)).

The probation department recommended, and the prosecution urged, that defendant be sentenced to state prison, although the prosecutor stated she would not be opposed to a grant of probation accompanied by a year of jail time, given that this was defendant's first felony conviction.  Defendant urged the court to reduce the offense to a misdemeanor or, at a minimum to impose probation, given defendant's severe drug addiction, which counsel acknowledged defendant "ha[d] not been able to manage."  Counsel also agreed with probation "that [defendant's] home environment is not suitable" because his brother's drug addiction "is raging out of control."  Counsel observed that "treatment of some kind has got to be residential and long-term."

The trial court suspended imposition of sentence and, finding unusual circumstances—"[n]amely, [defendant] was suffering from long-term drug addiction at the time of the crime"—placed defendant on four year's probation under numerous terms and conditions, including that he serve 180 days in the county jail.  The court also allowed for defendant to apply for "parole," for example to a residential treatment facility, to shorten the jail time.

The court additionally imposed "terms and conditions that would address treatment; alcohol, drug, substance abuse treatment, and the other issues that are outlined in the Probation's report."  The court specifically ordered:  "You are ordered to participate in treatment, therapy, and counseling, including residential treatment, as appropriate at the direction of Probation.  You're ordered not to use, consume, possess, or transport any non-

---

[2] All further statutory references are to the Penal Code unless otherwise indicated.

2

prescribed or illegal substances or associated paraphernalia, nor any marijuana or alcohol, even if otherwise lawful. You must submit to chemical testing at the request of any peace or Probation officer to determine the drug or alcohol content of your blood." It further ordered: "In terms of your substance abuse treatment. Participate in an assessment at Probation's direction to determine the proper level of treatment."

The court denied defendant's "17(B) motion" without prejudice, leaving reduction to a misdemeanor a possibility if defendant performs well on probation and controls his addiction.

Although given a chance to place any objections to the terms and conditions of probation on the record, defendant objected only to an electronic search condition, which the trial court did not impose.

### *The Challenged Probation Condition*

Defendant now claims the court improperly delegated its judicial authority by leaving to the probation department the specifics of the treatment for defendant's serious drug addiction. He also claims that due to this supposed improper delegation, the condition is unconstitutionally vague. He further claims certain fees must be vacated pursuant to Assembly Bill No. 1869 (2019–2020 Reg. Sess.) (Assembly Bill 1869), a point the Attorney General concedes.

To begin with, by failing to object to the drug terms we have quoted above, defendant has largely forfeited any challenge to the condition. (*People v. Welch* (1993) 5 Cal.4th 228, 234–235.) However, where there is an "obvious legal error at sentencing that is 'correctable without referring to factual findings in the record or remanding for further findings,' [it] is not subject to forfeiture." (*In re Sheena K.* (2007) 40 Cal.4th 875, 887, quoting *People v. Smith* (2001) 24 Cal.4th 849, 852.) We also " 'have discretion . . . to address a

pure question of law raised for the first time on appeal.' " (*Kaura v. Stabilis Fund II, LLC* (2018) 24 Cal.App.5th 420, 430.) Given that defendant has made legal challenges to the drug conditions, we address them.

Sentencing courts have "broad discretion to determine whether an eligible defendant is suitable for probation" and if so, under what terms and conditions. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) Courts may leave the " 'specification' " of details necessary to implementing the terms of probation, to probation officers. (*In re David C.* (2020) 47 Cal.App.5th 657, 669, quoting *People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1358–1359.)

*People v. Penoli* is particularly instructive. In that case, the court upheld a probation condition allowing the probation department to "unilaterally select a residential drug rehabilitation program and determine whether defendant successfully completed that program." (*People v. Penoli* (1996) 46 Cal.App.4th 298, 307 (*Penoli*).) As the court observed, "any attempt [by the court] to specify a particular program at or prior to sentencing would pose serious practical difficulties. The trial court is poorly equipped to micromanage selection of a program, both because it lacks the ability to remain apprised of currently available programs and, more fundamentally, because entry into a particular program may depend on mercurial questions of timing and availability." (*Id.* at p. 308.) Further, the defendant was not entirely "at the mercy of the probation department" and could, if he thought it necessary, bring a motion to modify the condition. (*Ibid.*)

As in *Penoli*, the trial court was in no position to micromanage defendant's drug treatment. The court and counsel all recognized defendant has a severe addiction problem and has failed at least three attempts at residential treatment. Thus, the court properly ordered defendant to "[p]articipate in an assessment at Probation's direction to determine the

4

proper level of treatment," and properly left it to probation to select the "treatment, therapy and counseling, including residential treatment" most appropriate for defendant's needs. (See *In re David C., supra,* 47 Cal.App.5th at pp. 668–669 [upholding probation condition requiring minor to " 'submit to a psychological/psychiatric evaluation as directed by the probation officer' " and " 'submit to any and all programs of psychological assessment at the direction of treatment provider' "].)

Defendant also claims the condition is unconstitutionally vague since it does not specify what types of treatment, therapy, or counseling might be required and whether the programs might deprive defendant of his liberty. *Penoli* also rejected a like constitutional challenge to the probation condition at issue in that case, observing that defense counsel was aware of the nature of drug rehabilitation programs and if the probation department determined the defendant was not in compliance with probation conditions, the court would determine whether that was, in fact, the case. (*Penoli, supra,* 46 Cal.App.4th at pp. 309–310 [in stating "available programs ranged from 'a ten-day detoxification period to a two-year program of behavioral modification,' " counsel "knew that agreement to this condition entailed a potential restraint of up to two years"].) Here, defense counsel was not only aware that residential treatment was a possibility, he agreed with probation that substance abuse "treatment of some kind has got to be residential and long-term," and also away from his home because of his brother's "out of control" drug abuse. Counsel thus agreed "Probation got that right"—"it's got to be changing, wholesale, the environment in order to assure that he's got a chance of recovery and success." In short, it is clear on this record that defendant is aware of what is " 'required of him' " in order to succeed on

probation. (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 890, quoting *People v. Reinertson* (1986) 178 Cal.App.3d 320, 324–325.)

***The Challenged Fees***

The court imposed a presentence report fee, $1000 (§ 1203.1b), a supervised probation fee of $50 per month subject to ability to pay (*ibid*.), and an administrative screening fee, $25 (Gov. Code, § 29550, subd. (f)). Defendant maintains, and the Attorney General concedes, any unpaid balances must be vacated pursuant to Assembly Bill 1869. The Attorney General's concession is well taken.

Assembly Bill 1869 ensured that after July 1, 2021, any unpaid portion of fees imposed under section 1203.1b and Government Code section 29550, subdivision (f) became "unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (§ 1465.9; Gov. Code, § 6111; see *People v. Clark* (2021) 67 Cal.App.5th 248, 259–260 [holding Assembly Bill 1869 applies retroactively and vacating probation supervision fee]; *People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 950, 953 [holding any unpaid criminal justice administration fee must be vacated].)

## DISPOSITION

Any fees imposed pursuant to Government Code section 29550, subdivision (f) and Penal Code section 1203.1b that remained unpaid as of July 1, 2021, are vacated, and the matter is remanded to the trial court to correct the abstract of judgment to reflect the vacatur of any balance of fees imposed pursuant to those statutory provisions that remain unpaid as of July 1, 2021. The court shall forward a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation. In all other aspects, the judgement is affirmed.

_____

Banke, J.

We concur:

_____

Humes, P.J.

_____

Margulies, J.

A161725, People v. Knight

7